IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KEITH TODD CLEMONS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 2:08-00098<br>Judge Nixon<br>Magistrate Judge Knowles |

## ORDER

Pending before the Court is Plaintiff Keith Todd Clemons's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 9) with supporting Memorandum (Doc. No. 10). Defendants filed a response. (Doc. No. 15). Magistrate Judge Knowles issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the Administrative Law Judge ("ALJ") be affirmed (Doc. No. 17). Plaintiff filed Objections to the Report (Doc. No. 18). Upon review of the magistrate judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

I. BACKGROUND

    *A.    Procedural Background*

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income benefits with the Social Security Administration ("SSA") on April

-1-

Case 2:08-cv-00098   Document 21   Filed 04/06/10   Page 1 of 11 PageID #: 106

12, 2005. (Tr. 60-65, 149). Plaintiff asserted disability due to a "bad back" and lumbar disc disorder with myelopathy. (*Id.*). Plaintiff's application was denied initially, (Tr. 22, 24-25), and also upon reconsideration. (Tr. 20-21, 23, 47). Plaintiff filed a request for a hearing by an ALJ. (Tr. 43-44).

ALJ George L. Evans, III, presided over the hearing on February 1, 2005. (Tr. 347-66). Plaintiff and Plaintiff's sister, Robin Parker, appeared and testified. (*Id.*). On August 12, 2008, the ALJ issued a decision denying benefits, based on the finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (Tr. 12-19). Specifically, the ALJ made the following findings of fact:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2006.

2. The claimant has not engaged in substantial gainful activity since August 4, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: [bad] back, restless legs, nerves, and depression (20 CFR 404.1520(c) and 416.920(c)). . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). . . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift 20 pounds occasionally and 10 pounds frequently; stand/walk/sit for 6 hours each out of an 8-hour workday with normal breaks. The claimant can frequently perform posturals. Due to mental difficulties, the claimant is moderately limited in performance of his daily activities and in maintaining social interaction. He can perform simple one step instructions. He is limited to unskilled work. . . .

6. The claimant's current residual functional capacity does not preclude the

performance of past relevant work (20 CFR 404.1565 and 416.965). . . .

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 4, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 14-19).

On August 18, 2008, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Tr. 7). The Court has jurisdiction under 42 U.S.C. § 405(g). On July 21, 2009, Magistrate Judge Knowles recommended the ALJ's decision be affirmed and Plaintiff's Motion be denied. (Doc. No. 17). Plaintiff asserts three (3) objections to the magistrate judge's findings. (Doc. No. 18). Specifically, Plaintiff contends that:

(1) the ALJ erred in finding Plaintiff's orthopedic impairments do not meet or equal Listing 1.04.

(2) the ALJ did not properly apply the Sixth Circuit's pain standard, as articulated in *Duncan*.

(3) the ALJ's finding that Plaintiff retained the capacity for light work is not supported by substantial evidence.

(*Id.*). The Court discusses the merits of Plaintiff's objections below.

B. *Factual Background*

The Court adopts the facts as stated in Plaintiff's Memorandum in Support of Motion for Judgment on the Administrative Record. (Doc. No. 10).

## II. STANDARD OF REVIEW

The Court's review of the portions of the magistrate's Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b) (2008). This review, though, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social

Case 2:08-cv-00098   Document 21   Filed 04/06/10   Page 3 of 11 PageID #: 108

Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). The reviewing court will uphold the decision of the Commissioner in adopting the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Sixth Circuit defines substantial evidence as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner*, 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if "the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

> A. *Plaintiff objects to ALJ's finding that Plaintiff's orthopedic impairments do not meet or equal Listing 1.04.*

Plaintiff insists that his back condition meets the requirements for listed disabilities under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 1.04. Listing 1.04, which pertains generally to disorders of the spine, provides:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus,

spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression, characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss or reflex loss, and if there is involvement of lower back, positive straight-leg raising test (sitting and supine); or

B. Spinal arachnoiditis; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04.

Plaintiff has not demonstrated that his impairments met the requirements of Listing 1.04. To qualify as disabled under Listing 1.04, Plaintiff must show compromise of a nerve root or the spinal cord, plus one of three additional conditions: (A) nerve root compression, (B) spinal arachnoiditis, or (c) lumbar spinal stenosis. Plaintiff fails to satisfy the statutory requirements of 1.04A, 1.04B, or 1.04C.

Listing 1.04A requires nerve root compression evinced by several enumerated medical findings including motor loss or reflex loss. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04A. Plaintiff argues that he satisfies this Listing because Dr. Schwartz stated that Plaintiff suffers from "nerve root impingement." (Tr. 202). However, Dr. Schwartz also testified that Plaintiff has not experienced motor loss or reflex loss. (*Id.*). Furthermore, Plaintiff himself acknowledged that he experienced no motor loss and reflex loss. (Doc. No. 10).

Listing 1.04B refers to spinal arachnoiditis as confirmed by an operative note or tissue biopsy. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04B. Plaintiff has not presented any evidence that he satisfies this Listing. (Doc. No. 10).

Listing 1.04C pertains to lumbar spinal stenosis resulting in the inability to ambulate effectively. The Code of Federal Regulations defines the inability to ambulate effectively as follows:

> *What we mean by inability to ambulate effectively*
>
> (1) *Definition.* Inability to ambulate effectively means an extreme limitation of the ability to walk . . . . Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities . . . .
>
> (2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.00B(2)(b).

While it may be true that Plaintiff suffers from lumbar stenosis, his impairment does not rise to the level required by Listing 1.04C. A CT scan of Plaintiff's lumbar spine, conducted by Dr. Marc Paul in May 2004, provides evidence of minimal stenosis. (Tr. 253). Yet, this

evidence is not enough to satisfy the requirements of Listing 1.04C because the condition must cause an inability to ambulate effectively.

The medical evidence in the record does not support Plaintiff's assertion that he is unable to ambulate effectively as defined in the Code of Federal Regulations. In a questionnaire completed for Dr Schwartz, Plaintiff responded that he experienced low back pain, neck pain, numbness, and swelling, but he did not report having trouble walking or experiencing any joint pain. (Tr. 212). Also, Dr. Rutherford estimated Plaintiff could walk two city blocks at most without rest or severe pain. (Tr. 78). While Dr. Rutherford stated that it would be in Plaintiff's "best interest" to use a cane or other assistive device, he did not prescribe any assistive device, nor did he suggest that Plaintiff could not walk without such a device. (Tr. 80). Similarly, while Dr. Hester recommended a back brace and restrictions regarding bending and lifting, but he did not prescribe any device to assist with walking, nor did he indicate any restrictions on walking. (Tr. 241). Moreover, Dr. Blevins observed that Plaintiff's gait appeared normal, and that he was able to bend, squat, and rise without an assistive device. (Tr. 250). Dr. Jain also described Plaintiff's gait as normal. (Tr. 306). Because Plaintiff is able to ambulate effectively, he does not meet the requirements of Listing 1.04C.

> B. *Plaintiff objects that the ALJ did not properly apply the Sixth Circuit's pain standard, as articulated in* Duncan.

Plaintiff contends that he satisfies the Sixth Circuit's standard for disabling pain and that the ALJ should not have considered Plaintiff's credibility in assessing his pain. (Doc. No. 18). Both the SSA and the Sixth Circuit have enunciated guidelines for use in analyzing a plaintiff's subjective complaints of pain. 20 C.F.R. § 404.1529; *Felisky v. Bowen*, 35 F.3d 1027, 1037 (6th

Cir. 1994). While the inquiry into subjective complaints of pain must begin with the objective medical record, it does not end there. The Sixth Circuit set forth the standard for evaluating complaints of pain in *Duncan v. Secretary of Health and Human Services*. 801 F.2d 847 (6th Cir. 1986). The *Duncan* test has two prongs—first, the ALJ must determine whether there is objective medical evidence of an underlying impairment. *Id.* at 853. Secondly, the ALJ decides: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. *Id.* This test does not require objective evidence of the pain itself. *Duncan*, 801 F.2d at 853. The SSA also provides a checklist of factors to assess symptoms, including pain, in 20 C.F.R. § 404.1529(c).[1]

When assessing a claimants pain under the *Duncan* standard, an ALJ may consider the lack of medical evidence establishing disabling pain as well as the claimant's daily activities to determine the credibility of the claimant's testimony. *Vance v. Comm'r of Soc. Sec.*, 260 Fed. App'x. 801, 805-06 (6th Cir. 2008); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531-32 (1997). The ALJ is entitled to reject the claimant's testimony of disabling pain when the testimony is inconsistent with medical evidence and the claimant's ability to engage in daily activities. *Siterlet v. Sec'y of Health & Human Serv.*, 823 F.2d 918, 921 (1987). An ALJ's finding regarding the credibility of a claimant's testimony is entitled to great deference. *Heston*

---

[1] The seven factors under 20 C.F.R. § 404.1529(c)(3) are: (i) the plaintiff's daily activities; (ii) the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness and side effects of any medication the plaintiff takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the plaintiff received or has received for relief of pain or other symptoms; (vi) any measures the plaintiff uses or has used to relieve pain or other symptoms (e.g., lying flat on his back, standing for fifteen to twenty minutes every hour, sleeping on a board, etc.); and (vii) other factors concerning the plaintiff's functional limitations and restrictions due to pain or other symptoms.

*v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

The ALJ properly applied the Sixth Circuit's pain standard, as articulated in *Duncan*, to Plaintiff's case. (Tr. 16-18). The ALJ recognized that Plaintiff's medically-determinable back impairments satisfy the first prong of the *Duncan* test. (Tr. 17). The ALJ concluded, however, that Plaintiff failed to satisfy the second prong of the *Duncan* test—that is, whether there is objective medical evidence of an underlying impairment. (*Id.*). The ALJ considered the objective medical evidence, particularly the conservative treatment prescribed by Plaintiff's treating neurosurgeons, to contradict the severity of his alleged pain. (*Id.*). For example, Dr. Hester prescribed muscle relaxants and pain relievers and recommended Plaintiff return to work. (Tr. 241, 243-45). Dr. Schwartz prescribed occasional pain medication and noted that Plaintiff demonstrated "remarkable improvement" in response to a back brace and physical therapy. (Tr. 187). He recommended that Plaintiff return only on an "as-needed basis," with the long term goal of taking Plaintiff off prescription pain medication altogether. (*Id.*). Dr. Jain prescribed similarly conservative treatment of muscle relaxants and pain medications. (Tr. 291-312).

The ALJ determined that Plaintiff's complaints of the severity of his pain lacked credibility in light of the objective medical evidence to the contrary. (Tr. 17). The ALJ also found that Plaintiff's ability to engage in daily activities belies his claims of disabling pain. (Tr. 18). Although Plaintiff claimed he could only sit for 45 minutes, the ALJ pointed out that Plaintiff drives his car to Nashville and attends movies, both of which involve sitting for longer than forty-five minutes. (*Id.*). In evaluating the credibility of Plaintiff's testimony, the ALJ also relied upon Plaintiff's ability to perform a range of household chores, including dusting, mopping, and washing and drying clothes. (*Id.*). The ALJ reasoned that the "physical demands,

the level of concentration, [and] the amount of social interaction" necessary to perform these tasks conflict with Plaintiff's alleged degree of pain. (*Id.*). The ALJ's credibility determination is based on substantial evidence in the record and therefore deserves great deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (1997).

    C.    *Plaintiff objects on the grounds that the ALJ's finding that Plaintiff retained the capacity for light work is not supported by substantial evidence.*

The ALJ found that Plaintiff has the residual functioning capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 16). Specifically, the ALJ stated that Plaintiff is capable of lifting twenty pounds occasionally and ten pounds frequently as well as standing, walking, and sitting for six hours each in an eight-hour workday with normal breaks. (*Id.*). The ALJ, however, limited Plaintiff to unskilled work involving simple instructions. (*Id.*).

The record contains substantial evidence to support the ALJ's decision that Plaintiff's symptoms did not render him unable to do light work. The ALJ relied on the opinions of at least five physicians in determining Plaintiff's residual functioning capacity. (Tr. 16-18). For example, treating neurologist Dr. Hester recommended that Plaintiff could return to work with restrictions only on bending and lifting. (Tr. 241). Also, state agency consultant Dr. Misra opined that Plaintiff could stand, walk, and sit for six hours each in an eight-hour work day, lift fifty pounds occasionally, and lift twenty-five pounds frequently. (Tr. 257).

Based on a consultative examination, Dr. Blevins placed greater limitations on Plaintiff's ability to work, indicating that he could only stand for two hours and sit for four hours in an eight-hour workday and lift twenty pounds occasionally, but not perform any frequent lifting. (Tr. 252). The ALJ did not accord much weight to Dr. Blevins's opinion, however, because the

ALJ determined that the assessment was based on "the subjective complaints of the complainant rather than based on the objective medical evidence of record." (Tr. 16). It was within the province of the ALJ to make this determination because the opinion of a consulting physician is entitled to less deference than that of a treating physician. *Wesley v. Comm'r of Soc. Sec.*, 2000 WL 191664, at *6 (6th Cir. 2000).

The ALJ evaluated Plaintiff's ability to stand, walk, sit, and lift in light of the medical evidence in the record. (Tr. 16-18). Substantial evidence supports the ALJ's conclusion that Plaintiff's physical and mental symptoms do not prevent him from performing light work.

## V. CONCLUSION

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the magistrate judge's Report in its entirety.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the 1st day of April, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT